249 So.2d 228 (1971)
Wilma C. BANKS and Albert Banks, Sr.
v.
JEFFERSON BOTTLING COMPANY.
No. 4385.
Court of Appeal of Louisiana, Fourth Circuit.
June 7, 1971.
Levy, Smith & Pailet, Adolph J. Levy, New Orleans, for plaintiffs-appellants.
Porteous, Toledano, Hainkel & Johnson, James P. Conner and Christopher E. Lawler, New Orleans, for defendant-appellee.
Before SAMUEL, REDMANN and GULOTTA, JJ.
SAMUEL, Judge.
Wilma and Albert Banks filed this suit against Jefferson Bottling Company for $1,000 to compensate Mrs. Banks for the aggravation of a pre-existing colostomy and her husband for medical expenses allegedly incurred as a result of the plaintiff-wife ingesting a roach in a soft drink bottled by the defendant. Defendant filed a general denial. The suit was dismissed after trial and plaintiffs have appealed.
Testimony offered by plaintiffs is to the effect that sometime during the morning of October 16, 1967 their daughter purchased a Big Giant Cola from a neighborhood cleaning establishment. When the daughter returned with the unopened bottle Mrs. Banks removed the cap and started drinking the contents. Suddenly she felt something stick in her throat. She became ill and began vomiting. When her retching had subsided, she noticed a roach in the regurgitated material. Her brother, who was present, found a second roach and a small black object in the contents remaining in the bottle. Later that day she and her husband returned to the cleaning establishment to show the proprietor what was left of the beverage and to recount the incident.
Nathanial Reed, the proprietor, who was called as a witness for the plaintiffs, verified the fact they returned with the soft *229 drink and that Mrs. Banks appeared to be "gagging". But he refuted the claim there was a second roach and another foreign object in the remaining contents. He examined it by holding it up to the light and pouring out some of the remaining cola on paper. The bottle and contents were not introduced in evidence and the record fails to explain what disposition was made thereof after plaintiffs delivered it to their attorney.
This probably is the most damaging inconsistency contained in the evidence offered by plaintiffs which, together with many others, casts doubt on the accuracy of Mrs. Banks' testimony that she had swallowed a roach in the cola. Some of those inconsistencies are: The pleadings indicate Mrs. Banks purchased the Big Giant Cola while the testimony is that her daughter did. The daughter claims the incident occurred in the afternoon while her mother testified it happened before noon. Plaintiffs themselves explained Albert Banks returned home from work early that day because rain prevented work by the construction crew in which he was employed. The daughter was positive it did not rain that day.
As to the alleged aggravation of the pre-existing colostomy, Mrs. Banks attributes bleeding from the rectum and the colostomy to ingestion of the roach.
For plaintiffs to establish a prima facie case against the bottler they must prove: (1) the beverage was purchased in its original container; (2) the bottle apparently was in good condition when it was purchased and when it was opened; (3) it contained a foreign substance; and (4) the contents were consumed and injuries resulted therefrom. See LeBlanc v. Louisiana Coca-Cola Bottling Co., Ltd., 221 La. 919, 60 So.2d 873; Givens v. Baton Rouge Coca-Cola Bottling Company, La.App., 182 So.2d 532.
After hearing the evidence, the trial court apparently concluded plaintiffs failed to meet this burden by a preponderance of credible evidence. As our review of the record fails to disclose manifest error in this factual finding, we will not disturb the conclusions of the lower court. See United States Fidelity and Guaranty Company v. Fiffie, La.App., 211 So.2d 690.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.