PRICE, Judge.
Plaintiffs instituted this suit against defendants for damages consisting of physical distress and suffering, mental anguish, embarrassment, and humiliation resulting from the discovery of a worm in a can of corn they intended to serve at a dinner party. The can was purchased at Albert-son’s and manufactured by Oconomowoc. Oconomowoc filed an exception of no cause of action contending that under Louisiana jurisprudence a plaintiff can recover from the manufacturer of packaged food only if the contents are consumed and the consumption causes an injury. The trial court sustained the exception, and plaintiffs appeal. We affirm.
Plaintiffs admit there are no Louisiana cases allowing recovery for the observation of foreign substances in food or beverage. The jurisprudence has required that for plaintiffs to recover in these cases, the plaintiffs must prove the contents were consumed which caused injury. See Le-Blanc v. Louisiana Coca-Cola Bottling Co., Ltd., 221 La. 919, 60 So.2d 873 (La.1952); Banks v. Jefferson Bottling Co., 249 So.2d 228 (La.App. 4th Cir. 1971); Reid v. Clearfield Cheese Company, Inc., 307 So.2d 115 (La.App. 1st Cir. 1974). Plaintiffs allege, however, that defendants’ fault caused them humiliation and nausea and is com-pensable under La.C.C.Art. 2315.
In all sales in Louisiana there is an implied warranty that the object sold is fit for the purpose intended. Williams v. Ring Around Products, Inc., 344 So.2d 1125 (La.App. 3d Cir. 1977). A processor, bottler, or packager of food and drink for human consumption warrants it to be absolutely free from harmful or deleterious substances, and that the product is safe for human consumption. English v. Louisiana Creamery Inc., 181 So.2d 800 (La.App. 1st Cir. 1965); Demars v. Natchitoches Coca-Cola Bottling Co., Inc., 353 So.2d 433 (La.App. 3d Cir. 1977), writ denied 354 So.2d 1384 (La.1978).
The implied warranty of fitness in such cases is designed to protect consumers from consuming food products containing deleterious substances and is not intended to protect against injuries caused by the mere observation of such substances. The trial court was therefore correct in sustaining the exception of no cause of action.
For the reasons assigned, the judgment of the trial court is affirmed. Costs of this appeal are assessed to appellant.