SHORES, Justice.
The plaintiffs, Mattie and Charles Mitchell, appeal from a summary judgment in favor of the defendants, Winn-Dixie Stores, Inc. (“Winn-Dixie”), and Crackin’ Good Bakers, Inc. (“Crackin’ Good”), a wholly-owned subsidiary of Winn-Dixie. We affirm.
The Mitchells purchased a package of vanilla wafers baked by Crackin’ Good and sold by Winn-Dixie. They used these wafers to prepare banana pudding. While completing the recipe, the plaintiffs discovered a metal spring imbedded in one of the wafers. No one consumed the wafer; instead, the Mitchells saved the wafer, discarded the pudding, contacted their attorney, and alerted the local news media.
The Mitchells filed suit against Crackin’ Good and Winn-Dixie, seeking damages of $850,000, plus attorney fees. The complaint contained claims based upon strict liability, negligence, breach of warranty, and mental anguish.
The Mitchells’ own deposition testimony reveals that their total economic loss, including the labor and ingredients contained in the pudding, does not exceed $15. The Mitchells were not physically injured, did not attempt to consume the wafer, and did not hurt themselves while handling the wafer. The Mitchells did not lose time from work, and they do not claim lost wages. The sole basis of the Mitchells’ claim for damages rests upon the assertion that they now suffer mental anguish that prevents them from consuming cookies, wafers, or cakes. They claim that, as a result of this incident, they are now compelled to break their food into small pieces before they or their children may eat it.
The circuit court granted portions of the defendants’ motion for summary judgment, ruling that, as a matter of law, plaintiffs could not recover for mental anguish, pain, or suffering; could not recover punitive damages; and could not recover an amount exceeding $500 in compensatory damages. Pursuant to Ala.R.Civ.P. 54(b), the trial court directed the entry of a final judgment as to these elements of the plaintiffs’ claims, and, because this ruling removed the case from the circuit court’s jurisdiction, transferred the case to district court. Ala.Code 1975, § 12-11-9. The plaintiffs appeal from the summary judgment.
In reviewing a summary judgment, we employ the same standard as that employed by the trial court in determining whether the evidence before the court made out a genuine issue of material fact. Chiniche v. Smith, 374 So.2d 872 (Ala.1979). Garrigan v. Hinton Beef & Provision Co., 425 So.2d 1091 (Ala.1983). We hold that, based upon the undisputed evi *936 dence presented to the trial court, the plaintiffs failed to produce any evidence that would create a genuine issue as to any material fact regarding their claims for punitive damages and damages for mental anguish, pain, and suffering. Because the plaintiffs cannot, as a matter of law, recover an amount exceeding $500, the trial court correctly transferred the plaintiffs’ case to district court. Ala.Code 1975, § 12-11-9.
The courts in Alabama, by constitutional mandate, are open to ensure that every person, “for any injury done him,“ in his lands, goods, person, or reputation, shall have a remedy by due process of law.” Article 1, § 13, Constitution of Alabama (1901).
This right has been, and should be, generously extended to ensure that no person is deprived of his day in court to pursue his remedy for any injury done to him. While Alabama has allowed recovery for mental disturbance that did not accompany physical injury, illness, or other physical consequences, the cases allowing it all have had in common an especial likelihood of genuine and serious mental distress, arising out of circumstances that serve as a guarantee that the claim is not spurious. See, Cates v. Taylor, 428 So.2d 637 (Ala.1983). Here, the plaintiffs’ alleged reaction to the foreign object in a vanilla wafer, which they saw in time to avoid physical injury, goes beyond the average person’s reaction. The law cannot entertain such claims as this if our judicial system is to avoid collapse from the burdens placed upon it by an increasingly litigious society.
AFFIRMED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.