[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTUAL BACKGROUND
On April 10, 1998, the plaintiff, Robert Ritchie, filed a complaint against Gerber Products Company individually and on behalf of his son, Harrison M. Ritchie. The two count complaint alleges that Harrison Ritchie was eating a Gerber product when he "began to choke and gag" on a "hard, barbed, wood like, baby spoon-sized substance." (Complaint, Count one ¶; 4.) Count one claims that the defendant is strictly liable to Harrison Ritchie under the Connecticut Product Liability Act, General Statutes § 52-572m et seq. (Complaint, Count one ¶; 4.) The second count of the complaint alleges that the plaintiff Robert Ritchie suffered serious emotional distress as a result of "observing his son choke and gag." (Complaint, Count two ¶; 8.)
On July 2, 1998, the defendant filed a motion to strike the second count of the plaintiff's complaint on two separate grounds: (1) that the exclusive remedy for all claims against a product seller is under the CLPA and (2) that the plaintiff failed to allege a necessary element of bystander emotional distress, namely that the injury victim suffered serious physical injury or death. (Defendant's motion to strike, July 2, 1998, p. 1.)
As required by Practice Book § 10-42 (formerly § 155), the defendant filed a memorandum of law in support of its motion to strike and the plaintiff filed a memorandum in opposition.
 DISCUSSION
CT Page 13420
The motion to strike is used to challenge the legal sufficiency of the complaint. Amore v. Frankel, 228 Conn. 358,371, 636 A.2d 786 (1994). "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc.v. Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998). The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [plaintiff has] stated a legally sufficient cause of action." Napoletano v. CignaHealthcare of Connecticut, Inc., 238 Conn. 216, 232-33,680 A.2d 127 (1996). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Waters v.Autuori, 236 Conn. 820, 825, 676 A.2d 357 (1996).
The defendant argues in support of its motion to strike that bystander emotional distress is a negligence claim that did not exist at common law and therefore plaintiff's exclusive remedy is under the CPLA, General Statutes § 52-572m et seq. (Defendant's memorandum, July 2, 1998, p. 3.) Second, the defendant argues that even if this court would allow the bystander emotional distress claim, the plaintiff failed to adequately allege the necessary elements of the claim in its complaint. (Defendant's memorandum, July 2, 1998, p. 6.)
"A product liability claim . . . may be asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product." General statutes § 52-572n(a). It would appear, then, that a bystander emotional distress claim would be precluded in this case, as it was in Hayes v. Grossman's, Inc., Superior Court, judicial district of Waterbury, Docket No. 122374 (September 5, 1997) (Pellegrino, J.). The court reasoned that "the allegations of bystander distress and personal distress were in fact negligence claims unknown at common law or at least not existing at the time of the enactment of the product liability statute and [are] therefore precluded by the Connecticut Product Liability Act. . ." Id.
The facts of this case differ, however, and are more in line with Abbhi v. Ami, Superior Court, judicial district of New Haven, Docket No. 382195 (June 3, 1997) (Silbert, J.) (19 CONN. L. RPTR. 493), in which the court noted that simply because "the plaintiff mother's claim for bystander emotional distress . . . CT Page 13421 is an action of negligence . . . does not necessarily mean that it is barred by the Product Liability Act. . . Under the right circumstances, there is no reason why a parent could not bring his or her own product liability claim against a product seller, with bystander distress being the underlying form of negligence asserted as the product liability claim." (Internal quotation marks omitted.) Id., 500. In the present case, the bystander emotional distress claim in the second count is brought by the father, not the child. The complaint thus states two product liability claims by two separate plaintiffs. Therefore, the motion to strike will be denied on this ground.
The second ground raised by the defendant is that the claim for bystander emotional distress is legally insufficient because the plaintiff failed to allege the third necessary element in a claim for bystander emotional distress. In Clohessy v. Bachelor,237 Conn. 31, 675 A.2d 852 (1996), the Supreme Court held that "a bystander may recover damages for emotional distress . . . if the bystander satisfies the following conditions: (1) [the bystander] is closely related to the victim . . . (2) the emotional injury of the bystander is caused by the contemporaneous sensory perception of the event . . . (3) the injury of the victim mustbe substantial, resulting in his or her death or serious physicalinjury; and (4) the bystander's emotional injury must be serious, beyond that which would be anticipated in a disinterested witness. . ." (Emphasis added; internal quotation marks omitted.) Id., 56; see also Mendillo v. Board of Education of theTown of East Haddam, 246 Conn. 456, 486 (1998).
Here the defendant's motion to strike the second count of the complaint will be granted because the plaintiff failed to adequately allege the necessary factual elements of bystander emotional distress. "[T]he burden is on the pleaders to make such averments that the material facts should appear with reasonable certainty. . . [E]ssential allegations may not be supplied by conjecture or remote implication." (Citations omitted; internal quotation marks omitted.) Cahill v. Board of Education,198 Conn. 229, 236, 502 A.2d 410 (1985).
The plaintiff's complaint does not state that the infant victim sustained serious physical injury or death as required byClohessy v. Bachelor, supra, 237 Conn. 31. The complaint merely states that the infant "began to choke and gag"; (Complaint, Count two ¶; 4); and "[a]s a consequence . . . the infant was caused to suffer physical and mental pain and suffering and may CT Page 13422 continue to so suffer." (Complaint, Count two ¶; 5.) No additional facts regarding the nature or extent of the infant's injury are alleged. It cannot be inferred from these allegations that the infant sustained serious physical injury, as choking does not ordinarily or necessarily lead to such injury.
In Clohessy, the Supreme Court noted the need to impose limitations on the number claims that could arise under this cause of action: "We recognize that those limitations . . . are necessary in order not to leave the liability of a negligent defendant open to undue extension by the verdict of sympathetic juries. . ." (Internal quotation marks omitted.) Clohessy v.Bachelor, supra, 237 Conn. 51. Since Clohessy, the Supreme Court has demonstrated reluctance to impose liability on tortfeasors for harm to third parties. "[V]ery few decisions have extended a tortfeasor's liability to a third party, and those decisions have relied heavily upon policy considerations." Mendillo v. Board ofEd. of the Town of East Haddam, 246 Conn. 456, 481 (1998).
In the present case, the plaintiff failed to allege one of the four elements necessary for a claim for bystander emotional distress. Accordingly, this court will grant the defendant's motion to strike the second count of the complaint.
Based on the foregoing, the defendant's motion to strike count two of the plaintiff's complaint (#101) is granted
So Ordered.
Michael Hartmere, Judge of the Superior Court