### BENVENUTI OIL COMPANY, INC. *v.* FOSS CONSULTANTS, INC.
### (AC 19605)

Schaller, Spear and Hennessy, Js.

Argued February 14—officially released August 7, 2001

*Peter J. Bartinik, Jr.,* for the appellant (plaintiff).

*Patrick F. Lennon,* for the appellee (defendant).

*Opinion*

SCHALLER, J. In this action for damages for breach of contract and violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq., the plaintiff, Benvenuti Oil Company, Inc., appeals from the summary judgment rendered in favor of the defendant, Foss Consultants, Inc. The plaintiff's sole claim on appeal is that the trial court improperly granted the defendant's motion for summary judgment on the ground that the parties' January 13, 1996 written agreement that contained a merger clause represented a completely integrated contract, thereby precluding the plaintiff from introducing parol evidence to vary or contradict its terms.[1] We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our disposition of this appeal. The plaintiff corporation is a home heating oil business located in Waterford. The defendant corporation sells marketing plans to businesses, including home heating oil busi-

---

[1] In its brief, the plaintiff claimed that the trial court improperly failed to consider extrinsic evidence in making its initial determination of whether the January 13, 1996 written agreement was a completely integrated contract. An issue arose at oral argument to this court concerning whether the trial court actually considered extrinsic evidence on the matter. As a result, the plaintiff modified his claim at oral argument.

nesses. Between December, 1995, and January, 1996, the parties entered into a contract whereby the plaintiff agreed to purchase a marketing plan from the defendant for $25,500. The parties agree that they generated three documents relating to the contract but disagree as to which of those documents constitute the contract. Those documents are (1) a December 8, 1995 invoice provided by the defendant (invoice), (2) a December 9, 1995 letter of confirmation signed by the defendant's president, John Spinogatti (confirmation letter), and (3) a January 13, 1996 document drafted by the defendant and titled "Agreement between Foss Consultants, Inc. [and] Benvenuti Oil Company" (January agreement).

The plaintiff alleges in its complaint that the invoice and confirmation letter are the only documents that constitute the parties' contract. The invoice contains a twenty-five mile exclusive radius clause, which the plaintiff contends evidences the defendant's promise not to sell its marketing plan for one year to any competitors within a twenty-five mile radius of the plaintiff's office. According to the plaintiff, the defendant breached that clause by selling the identical marketing plan to one of the plaintiff's nearby competitors, Deep River Oil Company.

The defendant, on the other hand, contends that the January agreement alone constitutes the parties' contract. The January agreement, according to the defendant, is a final and complete integration of the parties' contract as indicated by the merger clause contained in paragraph four. The January agreement also contains a twenty-five mile radius clause in paragraph two, which the defendant argues guarantees only that the plaintiff would obtain 250 new customers within a twenty-five mile radius of the plaintiff's office.[2]

---

[2] Both parties signed the January agreement, which consists of only four paragraphs that provide as follows:

"1. Benvenuti Oil Company affirms that the training which took place on January 12th & 13th, 1996, for the Foss Marketing Program has been satis-

On December 9, 1998, the defendant filed a motion for summary judgment. After examining all of the extrinsic evidence, the trial court determined that the January agreement was a complete integration of the parties' contract, and, as such, the plaintiff could not introduce parol evidence, including the invoice, to vary or contradict the terms of the parties' contract. The court therefore granted the defendant's motion for summary judgment. This appeal followed.

The plaintiff claims that the trial court improperly determined on a motion for summary judgment that the January agreement was a complete integration of the parties' contract. Such a determination, the plaintiff argues, involves a factual matter that was in dispute. Accordingly, it argues that the court improperly granted the motion for summary judgment. We are not persuaded.

We begin by setting forth our standard of review applicable to a trial court's decision regarding a motion for summary judgment. "The standards governing our review of a trial court's decision to grant a motion for summary judgment are well established. Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving

factory.

"2. Foss Consultants, Inc., guarantees that the New Customers obtained from the Foss Marketing Program will be within a 25 mile radius of Benvenuti Oil Company.

"3. In the event that there is a dispute which results in litigation by either party, then the losing litigant agrees to pay all reasonable attorney fees and expenses incurred by the winning party.

"4. On Behalf of Benvenuti Oil Company, the buyers representative (the undersigned) has read and reviewed this letter and agrees to the stated terms. This agreement contains a complete and final understanding between both buyer and seller. All promises made by Foss Consultants, Inc., the seller, are in this agreement: there are no others."

party is entitled to judgment as a matter of law. . . . *Miller* v. *United Technologies Corp.*, 233 Conn. 732, 744–45, 660 A.2d 810 (1995). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . *Tarzia* v. *Great Atlantic & Pacific Tea Co.*, 52 Conn. App. 136, 145, 727 A.2d 219 (1999) [appeal dismissed, 254 Conn. 786, 759 A.2d 502 (2000)].

"On appeal, [w]e must decide whether the trial court erred in determining that there was no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . *Avon Meadow Condominium Assn., Inc.* v. *Bank of Boston Connecticut*, 50 Conn. App. 688, 693, 719 A.2d 66, cert. denied, 247 Conn. 946, 723 A.2d 320 (1998). Because the trial court rendered judgment for the [defendant] as a matter of law, our review is plenary and we must decide whether [the trial court's] conclusions are legally and logically correct and find support in the facts that appear in the record. . . . *Gateway Co.* v. *DiNoia*, 232 Conn. 223, 229, 654 A.2d 342 (1995)." (Internal quotation marks omitted.) *Kroll* v. *Steere*, 60 Conn. App. 376, 380–81, 759 A.2d 541, cert. denied, 255 Conn. 909, 763 A.2d 1035 (2000). Mindful of these principles, we now determine whether the court's application of the parol evidence rule was legally correct.

"The parol evidence rule prohibits the use of extrinsic evidence to vary or contradict the terms of an integrated written contract." (Internal quotation marks omitted.) *Scinto* v. *Sosin*, 51 Conn. App. 222, 242, 721 A.2d 552 (1998), cert. denied, 247 Conn. 963, 724 A.2d 1125 (1999). "The parol evidence rule does not apply, however, if the written contract is not completely integrated." *Lester* v. *Resort Camplands International, Inc.*, 27 Conn. App. 59, 65, 605 A.2d 550 (1992). As a threshold matter, therefore, a trial court must determine

whether the written contract is a complete integration for purposes of the parol evidence rule.

Such a determination, according to the plaintiff, is a question of fact. We disagree. The characterization of a trial court's determination regarding the question of whether a contract is integrated will differ depending on whether a merger clause exists in the contract. If the contract does not contain a merger clause, such a determination is primarily a question of fact because the court is allowed to examine the extrinsic evidence. See id. (where no merger clause, question of whether written contract is integrated is preliminary question of fact to be determined by trial court). On the other hand, if the contract contains an unambiguous merger clause, we view such a determination as a question of law in light of *Tallmadge Bros., Inc.* v. *Iroquois Gas Transmission System, L.P.*, 252 Conn. 479, 495, 746 A.2d 1277 (2000).

Recently, our Supreme Court in *Tallmadge Bros., Inc.*, created a novel rule with respect to the effect of the insertion of a merger clause into a contract. The rule,[3] in essence, provides that a merger clause inserted into an agreement establishes conclusive proof of the parties' intent to create a completely integrated contract, and the court is forbidden from considering extrinsic evidence on the matter unless there was unequal bargaining power between the parties.[4] *Id.*,

---

[3] We note that the Supreme Court created this as a hybrid rule. The court examined the rule adopted in other jurisdictions concerning a merger clause. It recognized that some jurisdictions have held that a merger clause constitutes conclusive proof that the parties intended their agreement to be completely integrated, while other jurisdictions have held that a merger clause merely creates a rebuttable presumption on the matter. *Tallmadge Bros., Inc.* v. *Iroquois Gas Transmission System, L.P.*, supra, 252 Conn. 504 & n.15. After noting these approaches, our Supreme Court rejected both and, instead, created this novel approach.

[4] Our Supreme Court also noted other circumstances under which the rule would not apply. They are circumstances involving fraud, duress or contracts that contravene public policy. *Tallmadge Bros., Inc.* v. *Iroquois*

504–505. In *Tallmadge Bros., Inc.*, the parties inserted merger clauses into their settlement agreements, which the defendant contended precluded the plaintiff from introducing parol evidence. At a hearing, the trial court examined extrinsic evidence to determine whether the agreements were complete integrations. Because the parties had positions of relatively equal bargaining power, our Supreme Court held that "the parties' insertion of the merger clauses into the settlement agreements is conclusive evidence of their intent to create fully integrated contracts, and that the trial court's subsequent consideration of extrinsic evidence was improper." Id.

Similarly, in this case, the parties' insertion of the merger clause in the January agreement is conclusive evidence of their intent to create a completely integrated contract. We note that nowhere in its complaint did the plaintiff allege that it held a position of unequal bargaining power when the parties entered into the contract. The trial court thus improperly examined extrinsic evidence to determine whether the January agreement was a completely integrated contract. Although the court did so, it nevertheless arrived at the correct conclusion. See *Hoskins* v. *Titan Value Equities Group, Inc.*, 252 Conn. 789, 794, 749 A.2d 1144 (2000). We conclude, therefore, that the trial court's determination that the January agreement was a complete integration of the parties' agreement was legally correct. Accordingly, the trial court properly granted the motion for summary judgment in favor of the defendant.

The judgment is affirmed.

In this opinion the other judges concurred.

---

*Gas Transmission System, L.P.*, supra, 252 Conn. 504. None of those concerns, however, is implicated in the present case.