RICHARD A. LORICCO, SR. *v.* EDMUND L. PANTANI ET AL.
(AC 20570)

Schaller, Mihalakos and O'Connell, Js.

Argued October 31, 2001—officially released January 22, 2002

*Max F. Brunswick,* for the appellants (named defendant et al.).

*David S. Doyle,* for the appellee (plaintiff).

*Opinion*

O'CONNELL, J. In this mortgage foreclosure action, the defendants Edmund L. Pantani (Edmund) and T. Maire Pantani (Maire)[1] appeal from the judgment of the trial court determining the amount of mortgage debt due the plaintiff. On appeal, the defendants claim that the trial court improperly (1) granted the plaintiff's motion for summary judgment, (2) struck the case from the jury docket, (3) ruled that the defendants' recoupment claim was barred by the statute of limitations, (4) granted the plaintiff's motion for a special finding and (5) awarded interest in an amount greater than that provided in the note. We affirm in part and reverse in part the judgment of the trial court.

The plaintiff brought this foreclosure action claiming that Edmund defaulted on a $112,800 note payable to

---

[1] The defendant Branford Savings Bank is not involved in this appeal. We refer in this opinion to Edmund and Maire as the defendants.

the plaintiff and secured by a mortgage on real property in Stonington. Edmund filed an answer in which he asserted two special defenses: (1) that he was not the owner of the subject property; and (2) that at no time did he own more than a one-half interest in the property. He also filed a counterclaim to recover the value of legal services that he allegedly had rendered for the plaintiff and a separate claim for setoff and recoupment. Maire filed a separate answer and a counterclaim alleging that the plaintiff fraudulently induced Edmund into executing the note underlying the mortgage.[2]

Thereafter, the court granted the plaintiff's motion for summary judgment as to liability only[3] and dismissed Maire's counterclaim because she had failed to appear for jury selection. The plaintiff then filed an amended complaint alleging that he was seeking to foreclose only on Edmund's one-half interest in the property. Following a hearing in damages, the court denied Edmund's recoupment and setoff claims, determined the debt, awarded attorney's fees and rendered a judgment of foreclosure by sale. On March 3, 2000, the defendants appealed from the January 21, 2000 "judgment determining the amount of debt in foreclosure action."

I

The defendants claim that the court improperly granted the plaintiff's motion for summary judgment as to liability on the underlying note. "The standards governing our review of a trial court's decision to grant a motion for summary judgment are well established. Practice Book § 384 [now § 17-49] provides that sum-

---

[2] At trial, Edmund and Maire were represented by separate counsel. On appeal, both defendants are represented by the same counsel.

[3] A summary judgment as to liability only where the question of damages remains is not appealable. *Stroiney* v. *Crescent Lake Tax District,* 197 Conn. 82, 84, 495 A.2d 1063 (1985).

mary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . .

"On appeal, [w]e must decide whether the trial court erred in determining that there was no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . Because the trial court rendered judgment for the [defendant] as a matter of law, our review is plenary and we must decide whether [the trial court's] conclusions are legally and logically correct and find support in the facts that appear in the record." (Citations omitted; internal quotation marks omitted.) *Benvenuti Oil Co.* v. *Foss Consultants, Inc.*, 64 Conn. App. 723, 726–27, 781 A.2d 435 (2001).

In its memorandum of decision, the court found that Edmund had raised no material issues of fact as to whether the note was executed, whether the plaintiff was the holder of the note or whether the note was in default. The defendants claim that there was a material issue of fact as to whether the plaintiff fraudulently induced Edmund into executing the note. It is important to note that Edmund, in his answer, did not plead fraud, but only unfair trade practice. Maire did plead fraud, but failed to file an affidavit or other proof cognizable in a summary judgment proceeding.

We conclude that the court properly determined that the defendants had failed to submit affidavits or other proof disclosing the existence of a genuine issue of material fact in regard to their liability on the note and, therefore, the plaintiff was entitled to summary judgment as a matter of law.

## II

The defendants next claim that the court improperly struck the case from the jury docket.[4] Maire claimed the case for the jury docket, but the court, on its own motion,[5] struck it from the jury docket when Maire and her counsel did not appear for jury selection. The court then entered an order dismissing her counterclaim and scheduled the case for a trial to the court. Edmund claims that he had a constitutional right to have his counterclaims heard by a jury and was improperly deprived of a hearing on the matter. Edmund never filed a jury claim and relies solely on the jury claim filed by Maire that was struck by the court.

It is well established that this court is not required to review claims that were not properly raised in the trial court. Practice Book § 60-5; *Brehm* v. *Brehm*, 65 Conn. App. 698, 702–703, 783 A.2d 1068 (2001). Edmund failed to reclaim the case to the jury docket and did not raise any objection to the court's striking of Maire's claim from the docket. Rather, he acquiesced in having the case proceed as a trial to the court and now, for the first time, attempts to raise the issue on appeal. Because the defendants failed to raise an objection when the case was struck from the jury docket or during the ensuing trial, this issue is unpreserved, and we will not review it.

## III

The defendants next claim that the court improperly ruled that Edmund was not entitled to a reduction of

[4] Although foreclosure actions may not be claimed to the jury docket, Maire was entitled to a jury trial on her counterclaim seeking damages.

[5] On May 11, 1999, the plaintiff filed a motion to strike Maire's claim from the jury list. On September 14, 1999, the court dismissed Maire's counterclaim for failure to appear for jury selection and scheduled the case for a trial to the court.

the debt by way of recoupment for legal work that he had performed for the plaintiff in the past.[6] We disagree.

The court concluded that the claim for recoupment was barred by the statute of limitations because the services on which it was based were performed more than nine years ago and also because the services did not arise out of the same transaction that gave rise to the plaintiff's cause of action.

"Recoupment means keeping back something which is due, because there is an equitable reason to withhold it. Black's Law Dictionary (5th Ed. 1979). The defense of recoupment has two characteristics: (1) the defense arises out of the transaction constituting the plaintiff's cause of action; and (2) it is purely defensive, used to diminish or defeat the plaintiff's cause, but not as the basis for an affirmative recovery. Id. It rests on the principle that both sides of a transaction should be settled at one time in order to prevent circuity of actions." (Internal quotation marks omitted.) *Genovese v. J. N. Clapp Co.*, 4 Conn. App. 443, 445–46, 495 A.2d 1079 (1985).

Although a claim of recoupment is not barred by the statute of limitations, it must arise out of the same transaction. Id. In this case, Edmund's recoupment claim is based on unrelated legal services and, therefore, does not arise out of the same transaction as the plaintiff's cause of action. Accordingly, the court properly denied the claim on that ground.

IV

The defendants next claim that the court improperly granted the plaintiff's motion for a special finding as to the claims made by Maire. Specifically, the defendants

[6] As discussed previously, in this opinion, Maire's counterclaim was dismissed for failure to appear for jury selection.

claim that they had no opportunity to be heard on the motion.

After the court rendered judgment on February 1, 2000, the plaintiff filed a motion for a special finding against Maire pursuant to General Statutes § 52-226a,[7] claiming that her actions and defenses in the case were without merit and brought in bad faith. Three days later, on February 4, 2000, the court granted the motion. Maire never filed a response to the motion for a special finding. Additionally, she did not seek an articulation of the court's order, nor did she seek to correct or to open the judgment granting the motion.[8]

We first address the threshold question of whether this claim is reviewable. With respect to this motion, the record on appeal does not contain a written memorandum of decision or a transcribed copy of an oral decision signed by the court. See Practice Book § 64-1 (a). "The duty to provide [the Appellate Court] with a record adequate for review rests with the appellant. . . . We have frequently declined to review claims where the appellant has failed to provide the court with an adequate record for review." (Internal quotation marks omitted.) Neihaus v. Cowles Business Media, Inc., 66 Conn. App. 314, 317, 784 A.2d 426 (2001). In fact, the defendants failed to include a copy of the motion or the judge's order in the record. Additionally,

---

[7] General Statutes § 52-226a provides in relevant part: "In . . . any civil action tried to the court, not more than fourteen days after judgment has been rendered, the prevailing party may file a written motion requesting the court to make a special finding to be incorporated in the judgment or made a part of the record, as the case may be, that the action or a defense to the action was without merit and not brought or asserted in good faith. Any such finding by the court shall be admissible in any subsequent action brought pursuant to section 52-568."

[8] On February 10, 2000, the defendants filed a motion for reargument and reconsideration of the court's decision barring their claim of recoupment. In that motion, there was no mention of this claim. The trial court denied that motion.

the defendants make no claim that the court's ruling prejudiced Maire. Although we acknowledge that the defendants are challenging the procedure in which the motion was granted rather than the substance of the order itself, we are unable to ascertain the basis for the decision or whether Maire was prejudiced by it. We conclude, therefore, that the record furnished to us is inadequate for our review.

## V

Finally, the defendants claim that the court improperly calculated the damages by awarding interest in an amount greater than that allowed under the note. The plaintiff concedes that the interest rate used to calculate damages was incorrect. Accordingly, we must reverse the judgment and remand the case for a determination of the correct debt.

The judgment is reversed only as to the amount of interest on the debt and the case is remanded with direction to recalculate the debt and to reset the sale date.

In this opinion the other judges concurred.