[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On March 20, 2001, Vincent J. Zdanis, Jr., filed a complaint against Gail Sekeret, as trustee and individually, alleging a breach of fiduciary duty, which complaint was amended on April 3, 2001. Sekeret has filed an answer and an amended answer. Zdanis subsequently filed a motion to strike the amended answer and special defenses.
"Whenever any party wishes to contest . . . (5) the legal sufficiency of any answer. . . or any part of that answer including any special defense . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Section 10-39 of the Practice Book. For the purpose of a motion to strike, the moving party admits all facts well pleaded; RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 383
n. 2 (1994); but does not admit legal conclusions. "In ruling on a motion to strike, the court is limited to the facts alleged in the [pleading]."Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,214-15 (1992). In ruling on the motion to strike, the trial court has the obligation to take the facts to be those as alleged in the challenged pleading and to construe that pleading in the manner most favorable to sustaining their legal sufficiency. Connecticut National Bank v.Douglas, 221 Conn. 530, 536 (1992).
Zdanis seeks to strike paragraph three of Sekeret' s answer, paragraphs b, c, d, and e of her first special defense and her second special defense on the ground that Sekeret failed to comply with Zdanis' request to revise and provide more particularity, as ordered by the court CT Page 9764 (DiPentima, J.) and consented to by Sekeret. He asserts that the paragraphs and the defense are legally insufficient. He has not provided any authority to support the proposition that failure to comply with a request to revise should be addressed in a motion to strike.
Section 17-31 of the Practice Book provides, inter alia, that "[w]here either party is in default by reason of failure to comply with [Section] . . . 10-35 [requests to revise] . . ." The proper procedure in cases where a party has failed to comply with such a request is to file a motion for default or nonsuit in accordance with § 17-31. See EnquirePrinting Publishing Co. v. O'Reilly, 193 Conn. 370, 377 n. 12 (1984);Kessler v. Karpinski, Superior Court, judicial district of Danbury, Docket No. 9671 (August 7, 2000, Resha, J.); Barber v. Glick, Superior Court, judicial district of Hartford, Docket No. 589710 (January 20, 2000, Fineberg, J.); Gregory v. Anson Getty, Inc., Superior Court, judicial district of New Haven, Docket No. 87721 (April 15, 1997, Levin,J.) Therefore, the motion to strike paragraph three of Sekeret' s answer, paragraphs b, c, d, and e of her first special defense and her second special defense is not properly before the court; and the pleading, such as it is, survives that motion.
Zdanis also has attempted to strike Sekeret's third special defense on the ground that it is not in fact a special defense. He argues that it is legally insufficient and is more properly the basis for a denial of the relevant pleading in the complaint. Sekeret argues that the third special defense reciting that her conduct has at all times been in conformity with the requirements of the trust and Connecticut law, is proper and valid, because Zdanis claims that her conduct deviates from the requirement of a trustee under the law. His attack on the fourth special defense asserts that her pleading fails to allege or identify any cause of action or legal theory which would reduce his claim for rent or any remuneration. He continues by saying such a cause of action or legal theory must arise from the claims set forth in the amended complaint. She argues that she has asserted a legally cognizable defense. Sekeret asserts that since Zdanis seeks rent payments in his prayer for relief, that she may assert that Zdanis may not seek rent since he voluntarily abandoned the premises, though not forced to do so. She further argues that she may allege and offer facts on this to estop Zdanis from collecting rent unlawfully due to his alleged voluntary abandonment.
"The fundamental purpose of a special defense, like other pleadings, is to apprise the court and opposing counsel of the issues to be tried, so that basic issues are not concealed until the trial is underway." Bennettv. Automobile Insurance Co. of Hartford, 230 Conn. 795, 802 (1994). "The fact that in a special defense one must plead facts which are consistent with the allegations of the complaint does not relieve the defendants of CT Page 9765 the duty of providing the plaintiff with a plain and concise statement of the material facts on which they rely. It does not enable the defendants to incorporate the factual claims of the plaintiff without stating them. . . . Thus [where] no information is provided as to what actions or lack thereof the defendants rely on, a motion to strike is properly granted." (Internal quotation marks omitted.) P G Construction v. Park Blue, Superior Court, judicial district of Waterbury, Docket No. 162954 (January 23, 2002, West, J.); Bank of New York v. Chimblo, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 173731 (June 21, 2000, Rodriguez, J.). Section 10-50 of the Practice Book provides in pertinent part: "No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue . . . ."
In the third special defense Sekeret asserts that her "conduct, as trustee, at all times, has been in conformity with the requirements of the trust and Connecticut law." The fourth special defense reveals "the plaintiff left the trust premises voluntarily and of his own free will and is therefore barred from receiving rent of any amount or any from remuneration." Sekeret has provided no information, much less suggestion, as to what actions on which she relies. The motion to strike the third and fourth special defenses is therefore granted.
Sekeret's first special defense is not exempt from the motion because she is said to have failed to allege the necessary elements of a constructive trust. Specifically, Zdanis claims that a transferor, a transferee, a beneficiary or the trust property is not identified. He also contends that the said defense fails to plead the existence of a confidential relationship. She responds that she did provide the legal basis for imposing a constructive trust.
"[A] constructive trust arises contrary to intention and in invitum, against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy." Wendell Corp. Trustee v. Thurston,239 Conn. 109, 113 (1996). "A constructive trust arises whenever another' s property has been wrongfully appropriated and converted into a different form . . . [or] when a person who holds title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it." Jaserv. Fischer, 65 Conn. App. 349, 359 (2001).
In this case, Sekeret is attempting to impress a constructive trust CT Page 9766 upon any benefit, compensation or rent Zdanis may be entitled to under the trust. She claims that she, as an individual, contributed disproportionately to the household work, labor and services. As additional justification for her pleading, she alleges that any recovery by Zdanis or remuneration would violate unjust enrichment principles. She continues by reciting, more specifically, that his failure to contribute equally to the costs of home construction establishes a predicate for that assertion. Construing the special defense in a manner most favorable to her, she has alleged the basic elements of a constructive trust and therefore that defense survives the plaintiff's assault.
With respect to the claim of a resulting trust, Zdanis argues that she has failed to set forth the identity of the holder of legal title, that the purchase money for certain property was paid by her and that he or some other party held legal title. In general, a resulting trust arises at once, by operation of law, "[w]hen the purchase money for property is paid by one and the legal title is taken in the name of another . . . ."Cohen v. Cohen, 182 Conn. 193, 201 (1980). To invoke this rule, the party seeking to impose the resulting trust need only show that the purchase money was paid by him and legal title was taken in another to gain the benefit of the presumption. Saradjian v. Saradjian, 25 Conn. App. 411,414 (1991).
Here, Sekeret, through her first special defense, is seeking imposition of a resulting trust in herself, individually, for any money, benefit, compensation or rent that the plaintiff may be entitled to under the trust. She claims that she has paid for the construction of the house and paid all the operating costs including taxes as contemplated by the trust, forcing her as trustee to borrow funds from herself, individually, which must be repaid to her. She recites that Zdanis should not be entitled to benefits conferred on him by her because of the unequal contribution of work, labor and services, and should be ordered to compensate her through restitution. In construing the special defense in a manner most favorably to the defendant, the defendant has alleged circumstances that may well be the basis of a resulting trust, and the defense passes muster in terms of that pleading.
Zdanis also moved to strike the first special defense in its entirety (as though proceeding through a "check list") with respect to recoupment. He claims that the defense is legally insufficient, as it does not arise out of the same transaction alleged in the amended complaint. Sekeret argues that although the legal theories between Zdanis' amended complaint and Sekeret's answer and special defenses are different, it all arises out of the dispute over the real property and the proper interpretation of the trust. CT Page 9767
"Recoupment means keeping back something which is due, because there is an equitable reason to withhold it. . . . The defense of recoupment has two characteristics: (1) the defense arises out of the transaction constituting the plaintiff's cause of action; and (2) it is purely defensive, used to diminish or defeat the plaintiff's cause, but not as the basis for an affirmative recovery . . . . It rests on the principle that both sides of a transaction should be settled at one time in order to prevent circuity of actions." (Citations omitted; internal quotation marks omitted.) Loricco v. Pantani, 67 Conn. App. 681, 686 (2002). Here, she has not alleged any facts sufficient to establish that the defense arises out of the same transaction and therefore the motion to strike the first special defense as it relates to recoupment is granted.
Next, Zdanis further seeks to strike the first special defense in its entirety asserting a claim of setoff, arguing that Sekeret has failed to plead the necessary elements of setoff in that the claim is not liquidated. Section 52-139 of the General Statutes governs the law of setoff. "In any action brought for the recovery of a debt, if there are mutual debts between the plaintiff . . . and the defendant . . . one debt may be set off against the other." Section 52-139 of the General Statutes; § 10-54 of the Practice Book.
"A condition precedent to the application of § 52-139 is that the defendant's claim arise from a debt due by the plaintiff." Hope'sArchitectural Prod., Inc. v. Fox SL. Co., 44 Conn. App. 759, 762, cert. denied, 241 Conn. 915 (1997). It is the defendant's burden to demonstrate its right of setoff by affirmatively and adequately alleging such a claim in the pleading. Section 10-54 of the Practice Book; Peters Production,Inc. v. Dawson, 182 Conn. 526, 528 (1980). A claim that "involves a debt which is mutual and liquidated, even though it arises from separate transactions, it is characterized as a setoff." Northwestern Electric,Inc. v. Rozbicki, 6 Conn. App. 417, 426 (1986). To be set off, a debt must be for a liquidated amount. Lippitt v. Thames Loan Trust Co.,88 Conn. 185, 199 (1914). A debt is liquidated when "it is `susceptible of being made certain in amount by mathematical calculations from factors which are or ought to be in the possession or knowledge of the party to be charged.'" Rifkin v. Safenovitz, 131 Conn. 411, 414 (1944).
The principle has not been alleged affirmatively and adequately as a claim for setoff as required by the Practice Book. The plaintiff's motion may also be granted as against the setoff allegations of the first special defense.
In a supplemental memorandum of law, Zdanis asserts that the first special defense should be stricken in its entirety because it actually is a counterclaim despite the recoupment label. As such, it should be CT Page 9768 stricken as it follows the default of the defendant's failure to plead. In response, Sekeret argues that the default was automatically set aside by the court clerk upon her filing of an answer and special defenses before a judgment was entered in accord with § 17-32 (b) of the Practice Book. She also asserts that the answer and special defenses do not contain a counterclaim. In plain language, her pleading titled "answer and special defenses" has not set forth a basis for a counterclaim sounding in recoupment. The motion to strike the first special defense in its entirety is denied.
To reiterate, the motion to strike paragraph three in Sekeret's answer and paragraphs b, c, d, e in her first special defense and her second special defense because the motion to strike as it relates to these paragraphs and the defense is improperly before the court and is therefore denied.
This court would indeed be remiss if it did not comment on the content of the special defenses themselves. Motions to strike a paragraph and subparagraphs are not favored. "[W]here individual paragraphs standing alone do not purport to state a cause of action, a motion to strike cannot be used to attack the legal sufficiency of those paragraphs . . . . A single paragraph or paragraphs can only be attacked for insufficiency when a cause of action is therein attempted to be stated." Zimmermann v.Connecticut College, Superior Court, judicial district of New London, Docket No. 544623 (July 2, 1998, Handy, J.); accord Bombard v. IndustryRiggers, Inc., Superior Court, judicial district of Waterbury, Docket No. 140181 (January 5, 1998, Pellegrino, J.); see also Zamstein v.Marvasti, 240 Conn. 549, 553 (1997).
Here, the pleading survived as a result of being attacked by the wrong motion. However, its form and content are more accurately suited to specifications of negligence as a predicate for that cause of action. The third and fourth special defenses are not legally cognizable defenses and the motion to strike is accordingly granted as to those two (2) special defenses. The motion to strike the first special defense of constructive trust and the alternative defense of a resulting trust is denied. The motion to strike the first special defense claiming recoupment as well as setoff is also granted.
This memorandum is worthy of and vulnerable to words or labels of derision. Rather than rule it to be the misjoinder it is, the court has seen fit to treat the many, varied and improper mixture of causes of action (defense) seriatim, thereby hopefully precluding another chronic adventure into a fantasy of "kitchen sink" pleading.
Orders may enter in accordance with the foregoing. CT Page 9769
_______________________ Moraghan, J.T.R.