### KELLY FISHER ET AL. *v.* MCDONALD'S CORPORATION ET AL.

Superior Court Judicial District of Hartford—File No. CV 99-0589299S

Memorandum filed September 17, 2002

*Cooney, Scully & Dowling,* for the plaintiffs.

*Litchfield Cavo*, for the defendants.

COHN, J. The plaintiffs Kelly Fisher (Kelly) and Dean Fisher, the mother and father of the minor plaintiff, Danielle Fisher (Danielle), allege in their amended complaint dated February 1, 2001, that Kelly purchased a "Happy Meal" from the defendant Rhamby, Inc. (Rhamby), a franchisee of the named defendant, McDonald's Corporation, and that she gave the hamburger to Danielle to consume. The plaintiffs further allege that after Danielle began to eat the hamburger, both Kelly and Danielle noticed that there were drops of human blood on the hamburger roll.

The defendant Rhamby moves for summary judgment on the first count, paragraph eleven of the aforementioned amended complaint, which reads as follows: "As a further result of the actions and conduct of the defendant as aforesaid, the plaintiff, Kelly Fisher, has been caused to suffer and will likely suffer tremendous and unnecessary mental anguish, and emotional distress and suffering, and she has been caused to develop an undue fear and dread that her daughter has or may in the future contract AIDS, or some other blood borne disease." Summary judgment requires a showing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Practice Book § 17-49; *LoRicco* v. *Pantani*, 67 Conn. App. 681, 684, 789 A.2d 514 (2002).

In its initial brief on summary judgment, Rhamby challenged paragraph eleven on the ground that Kelly did not witness a substantial injury resulting in death or serious injury to Danielle as required by *Clohessy* v. *Bachelor*, 237 Conn. 31, 56, 675 A.2d 852 (1996). Were Kelly's claim based upon bystander liability, Rhamby would be entitled to summary judgment. The plaintiffs did not plead that Danielle's eating the hamburger resulted in serious illness or death, nor do the blood tests so indicate.

Kelly may alternatively allege her own direct emotional reaction, which is different from a bystander's reaction. See *Subiono* v. *Yordan*, Superior Court, judicial district of New London, Docket No. 559573 (April 25, 2002) (*Martin, J.*) (giving example of negligently conducted childbirth). The plaintiffs replied to the contentions of Rhamby as follows: "Unlike the plaintiff in [*Clohessy*], however, [Kelly] is not suing [Rhamby] as a bystander to a tort committed upon someone else, but rather is suing [Rhamby] in her role as the purchaser of a defective product, a 'Happy Meal' hamburger containing drops of human blood."

This same contention is taken up in Kelly's affidavit: "As a result of my *purchase* of this blood stained 'Happy Meal' hamburger, I have suffered a great deal of stress and anxiety . . . ." (Emphasis added.) See also the first clause of paragraph eleven alleging that as a result of Rhamby's action, *she* has been caused to suffer "unnecessary mental anguish." The issue on summary judgment, therefore, becomes whether a purchaser of a defective food product may sue for emotional distress without consumption of the product.[1]

The traditional "impact rule" requires that the purchaser consume the food item before a claim for emotional distress may be made. See, e.g., *Craig* v. *Albertson's Southco, Inc.*, 415 So. 2d 237 (La. App. 1982), where the plaintiffs became nauseated when they discovered a worm in a can of corn they intended to serve at a dinner party. The court considered the issue of whether recovery is allowed under the implied warranty of fitness "for the observation of foreign substances in food or beverage." Id., 238. The court rejected such a

---

[1] There is no question that on consumption, a plaintiff may maintain a cause of action based upon emotional distress. See *Flagstar Enterprises, Inc.* v. *Davis*, 709 So. 2d 1132 (Ala. 1997); *Chambley* v. *Apple Restaurants, Inc.*, 233 Ga. App. 498, 504 S.E.2d 551 (1998).

claim based upon "the mere observation of such substances." Id.

Connecticut, under *Montinieri* v. *Southern New England Telephone Co.*, 175 Conn. 337, 398 A.2d 1160 (1978), and *Barrett* v. *Danbury Hospital*, 232 Conn. 242, 654 A.2d 748 (1995),[2] does not, however, require a demonstration of physical impact or consumption. What is required is that Kelly show that her fear was "reasonable in light of the conduct of the defendants." *Barrett* v. *Danbury Hospital*, supra, 261. "If such a fear were reasonable in light of the defendants' conduct, the defendants should have realized that their conduct created an unreasonable risk of causing distress, and they, therefore, properly would be held liable." Id. In *Barrett*, the Supreme Court affirmed the granting of summary judgment where a patient at a hospital had negligently been placed on a stretcher drenched in a prior patient's blood. Id., 244. Allen Barrett stated that he feared that the blood had been introduced into his body through two rectal examinations that followed the discovery of blood on his hospital clothes. Id., 245.

The Supreme Court concluded in finding that there was no legally cognizable injury: "[W]e are convinced that the plaintiffs have not established a case for emotional distress under the *Montinieri* test because they have failed to show any contact with the blood in the manner that they claimed to have caused their fear. In light of the plaintiffs' failure to meet the uncontroverted evidence that the blood was not introduced into Barrett's rectum, we are convinced that the plaintiffs' fear

---

[2] While *Montinieri* v. *Southern New England Telephone Co.*, supra, 175 Conn. 337, and *Barrett* v. *Danbury Hospital*, supra, 232 Conn. 242, both arose in complaints alleging negligent infliction of emotional distress, the same principles should apply to the allegations of emotional harm under the Connecticut Product Liability Act, General Statutes § 52-572m et seq. See *Ritchie* v. *Gerber Products Co.*, Superior Court, judicial district of New Haven, Docket No. CV 0413399 S (November 20, 1998) (23 Conn. L. Rptr. 420) (*Hartmere, J.*).

was not reasonable as a matter of law and, therefore, summary judgment in favor of the defendants was appropriate." Id., 262.

Here, however, looking at the facts in a light most favorable to the plaintiff, the court concludes that Kelly had a "reasonable fear"—she purchased a contaminated "Happy Meal" that might bring injury to her daughter. As Hon. Jerry Wagner, judge trial referee, stated while denying the motion to strike this very paragraph in an earlier complaint: "[I]t is foreseeable that selling a 'Happy Meal' hamburger[3] containing human blood would create an unreasonable risk of causing distress to the parent purchasing the hamburger since it is unlikely that a small child would be able to purchase a hamburger without parental assistance and this distress might result in illness or bodily harm." *Fisher* v. *McDonald's Corp.*, Superior Court, judicial district of Hartford, Docket No. CV 99-0589299S (December 30, 1999) (ruling on motion to strike).

The complaint, documents and Kelly's affidavit show more than a case of viewing contaminated food that caused an emotional reaction. A case where only one's sight of spoiled food is at issue would be rejected under the *Montinieri* test. See *Mitchell* v. *Winn-Dixie Stores, Inc.*, 536 So. 2d 934 (Ala. 1988): "Here, the plaintiffs' alleged reaction to the foreign object in a vanilla wafer, which they saw in time to avoid physical injury, goes beyond the average person's reaction." Id., 936; *Sowell* v. *Hyatt Corp.*, 623 A.2d 1221, 1225 (D.C. App. 1993) (seeing bug in companion's food would not lead to

---

[3] The "Happy Meal" is marketed as a wonderful part of childhood that a parent would want to offer a child. See, e.g., *In re Zarko*, Superior Court, judicial district of Fairfield, Docket No. F04-CP99-004139-A (August 5, 1999) (*Brenneman, J.*), where a foster child's experience of his first "Happy Meal" was a factor in determining whether to maintain an order of temporary custody.

verifiable emotional distress claim).[4] In Kelly's case, there is the parent-child relationship that eliminates the concern of a feigned or trivial claim, and makes the parent's fear reasonable.

Rhamby's motion for summary judgment as to paragraph eleven is, therefore, denied.

---

[4] These cases also answer Rhamby's concern that allowing Kelly to claim emotional damages in a product liability suit would open a defendant to similar suits by the purchaser over a product injury to a person well outside the purchase chain.