PAMELA B. BREHM *v.* DANA J. BREHM
(AC 20683)

Lavery, C. J., and Landau and Dranginis, Js.

Argued June 12—officially released September 18, 2001

*Charles F. Basil,* for the appellant (defendant).

*Maureen E. Donahue,* for the appellee (plaintiff).

### Opinion

LAVERY, C. J. The defendant, Dana J. Brehm, appeals from the trial court's denial of his motion to open the judgment of dissolution of his marriage to the plaintiff, Pamela B. Brehm. On appeal, the defendant claims that the court (1) improperly imposed conditions on the filing of his motion to open in violation of General Statutes § 52-212a,[1] (2) violated his equal protection

---

[1] General Statutes § 52-212a provides in relevant part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. . . ."

rights under the federal constitution by imposing on him conditions for filing a motion to open that other parties are not required to satisfy, (3) improperly rendered a judgment of dissolution on the same day that it granted the defendant's counsel's motion to withdraw his appearance and (4) abused its discretion in denying the motion to open. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. The plaintiff wife commenced this action seeking a dissolution of marriage on the ground of irretrievable breakdown. The case was scheduled to be tried on January 20, 2000. On December 30, 1999, the defendant's attorney, Charles F. Basil, filed a motion to withdraw his appearance. At trial, the court granted Basil's motion to withdraw. At the time of his withdrawal, Basil informed the court that the defendant, a teacher, had left a message on his voice mail that he was aware that the trial would commence on January 20, 2000, but was unable to attend court on that date because he was required by his employer to attend a mandatory classroom management workshop and that Basil should ask for a continuance on his behalf. The court denied the motion for a continuance, and the matter proceeded to trial.

The court dissolved the parties' marriage and issued certain financial orders. Subsequently, on February 4, 2000, the trial court sent a notice to the defendant stating that the marriage had been dissolved and that the financial orders issued by the court, which were attached to the notice, would become effective fourteen days from the date of service of the notice on the defendant. The notice also provided that the financial orders "were entered without prejudice to [the defendant] in that the court will consider a motion by the defendant to reopen the judgment for the purpose of hearing evidence from the defendant and considering proposed

orders that the defendant may wish the court to consider on the condition that the defendant submits to the court the following within fourteen days from the date of service of this notice to the defendant: (1) Satisfactory documentation from the defendant's employer indicating that the defendant was required to attend a workshop at his employment on January 20, 2000, and that the defendant's failure to attend said workshop would result in the termination of his employment; (2) [s]atisfactory documentation from the defendant's employer indicating when the defendant first became aware that he was required to attend such a workshop as a condition of his continued employment; and (3) [a]ny other information or documentation the defendant may wish to submit relevant to cause for his nonappearance for trial on January 20, 2000."

The notice also stated that "[i]f the defendant submits such a motion to reopen within fourteen days after the service of this order, the court will stay issuance of those orders until deciding the motion to reopen and, if the court grants the motion to reopen, until any decision on that motion."

The notice was received by the defendant on February 7, 2000. On February 22, 2000, the defendant filed a motion to open, claiming that he could satisfy the conditions imposed by the court for opening the judgment.[2] On March 20, 2000, the court, after a hearing, denied the motion to open. The defendant appealed from the trial court's judgment on April 10, 2000.[3]

[2] At the time that the motion to open was filed, the defendant was again being represented by Basil.

[3] In her brief, the plaintiff claims that the defendant's appeal should be dismissed because it is not taken from an appealable final judgment. Specifically, the plaintiff argues that a final judgment of dissolution was not rendered on January 20, 2000, when the trial court dissolved the parties' marriage because the court stayed the effectiveness of its financial orders. Instead, the plaintiff claims that the judgment of dissolution was rendered on March 20, 2000, when the court denied the defendant's motion to open and when the financial orders became effective. The plaintiff further argues

I

The defendant first claims that the conditions imposed by the trial court on the filing of his motion to open violated § 52-212a. Specifically, the defendant argues that because § 52-212a provides that a party may file a motion to open a judgment within four months from the time the judgment is rendered, the trial court improperly limited the time within which he could file a motion to open to fourteen days from the date notice was served on him. The defendant, noting that § 52-212a does not limit what claims a party may raise in a motion to open or what evidence the party may produce in support of those claims, also argues that the court improperly conditioned the granting of the motion to open on the defendant's providing certain documentary evidence from his employer. We decline to review this claim.

Our review of the record reveals that the defendant did not raise this claim before the trial court. "It is well established that an appellate court is under no

that because the defendant had the right to file a motion to open pursuant to § 52-212a after the judgment had become final on March 20, 2000, the denial of the defendant's motion did not conclude the rights of the parties, and, therefore, the defendant's appeal is not taken from an appealable final judgment.

We reject the plaintiff's argument for several reasons. First, we conclude, contrary to the plaintiff's assertion, that a judgment of dissolution is final even though the trial court stays the effectiveness of the financial orders. Consequently, the motion filed by the defendant was indeed a motion to open the judgment, the denial of which is appealable. See *Alix* v. *Leech*, 45 Conn. App. 1, 3, 692 A.2d 1309 (1997); see also *Norwich* v. *Lebanon*, 193 Conn. 342, 346 n.4, 477 A.2d 115 (1984). Further, even if we assume that the plaintiff is correct and that the judgment of dissolution was rendered on March 20, 2000, when the trial court denied the motion to open, the appeal would still be proper because it would have been then taken from a final judgment of dissolution, which is appealable. If the plaintiff's argument that the defendant cannot appeal from a judgment of dissolution on the ground that he could have filed a motion to open were to be accepted, it would mean that no judgment would be appealable as long as there is a possibility that a motion to open could be filed. There is no authority to support such a proposition.

obligation to consider a claim that is not distinctly raised at the trial level. Practice Book § 60-5; *Yale University* v. *Blumenthal*, 225 Conn. 32, 36 n.4, 621 A.2d 1304 (1993) (issue not reviewed because not raised at trial). . . . [B]ecause our review is limited to matters in the record, we [also] will not address issues not decided by the trial court. . . . *Crest Pontiac Cadillac, Inc.* v. *Hadley*, 239 Conn. 437, 444 n.10, 685 A.2d 670 (1996) (claims neither addressed nor decided by trial court are not properly before appellate tribunal) . . . ." (Internal quotation marks omitted.) *Burnham* v. *Karl & Gelb, P.C.*, 252 Conn. 153, 170–71, 745 A.2d 178 (2000). "This general rule against considering claims not raised at trial also applies to constitutional issues." *Statewide Grievance Committee* v. *Whitney*, 227 Conn. 829, 846, 633 A.2d 296 (1993). "We will not promote a Kafkaesque academic test by which [a trial judge] may be determined on appeal to have failed because of questions never asked of him or issues never clearly presented to him." (Internal quotation marks omitted.) *Burnham* v. *Karl & Gelb, P.C.*, supra, 171. We, therefore, decline to review this claim.[4]

## II

The defendant next claims that the court violated his equal protection rights under the federal constitution by imposing on him conditions for filing a motion to

[4] Even assuming that this claim was raised in the trial court, we would still not be able to conclude, on the basis of the record before us, that the conditions imposed by the court in the notice violated § 52-212a. Although it is possible that the court, as argued by the defendant, intended to prohibit the defendant from filing a motion to open unless he satisfied the conditions contained in the notice, it is also possible that the conditions were intended to apply only if the defendant wanted a stay of the effectiveness of the financial orders while the court considered his motion to open, a benefit that does not ordinarily accompany the filing of a motion to open. Without an explanation from the trial court regarding what its intentions were when it imposed the conditions on the filing of the motion to open, it is not possible to address the defendant's claim that the conditions imposed by the court violated § 52-212a. See *Gallant* v. *Esposito*, 36 Conn. App. 794, 798, 654 A.2d 380 (1995) (without necessary factual and legal conclusions

open that other parties are not required to satisfy. Our review of the record reveals that this claim was not raised in the trial court. As stated previously, an appellate court is not bound to consider an issue "unless it was distinctly raised at the trial or arose subsequent to the trial. . . ." Practice Book § 60-5. We, therefore, decline to review this claim.

## III

The defendant also claims that he was prejudiced by the court's decision to render the judgment of dissolution on the same day that it granted his attorney's motion to withdraw his appearance because that action prevented the defendant from obtaining new counsel prior to the rendering of the judgment. As with the defendant's earlier claims, this claim was not raised in the trial court. We, therefore, decline to review this claim. See Practice Book § 60-5.

## IV

The defendant's final claim is that the court abused its discretion in denying his motion to open the dissolution judgment.[5] We disagree.

Our standard of review of the court's denial of a motion to open is well settled. "We do not undertake a plenary review of the merits of a decision of the trial court to grant or to deny a motion to open a judgment. The only issue on appeal is whether the trial court has acted unreasonably and in clear abuse of its discretion." (Internal quotation marks omitted.) *Mazziotti* v. *All-*

furnished by trial court, any decision by this court regarding defendant's claim would be entirely speculative).

[5] We note that the court orally rendered its decision after argument on the matter. The court neither issued a written memorandum, nor transcribed and signed its oral decision. Because the court's decision is sufficiently detailed and concise, however, we will review the defendant's claim so as not to exalt form over substance. See *State* v. *Lavigne*, 57 Conn. App. 463, 468 n.4, 749 A.2d 83 (2000).

*state Ins. Co.*, 240 Conn. 799, 809, 695 A.2d 1010 (1997). "In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did." (Internal quotation marks omitted.) *Searles* v. *Schulman*, 58 Conn. App. 373, 377, 753 A.2d 420, cert. denied, 254 Conn. 930, 761 A.2d 755 (2000).

Some additional facts are necessary for the resolution of the defendant's claim. In support of his motion to open, the defendant submitted a letter from the principal of the school in which he was employed as a teacher. In the letter, the principal stated that the defendant was a new teacher and that his attendance at the classroom management workshop on January 20, 2000, was mandatory and required to secure his continued employment. The defendant, however, failed to provide, as requested by the trial court, any documentation from his employer regarding when the defendant was informed that he was required to attend a mandatory workshop on the date of the trial. Instead, the defendant's counsel, on the basis of a letter that he had received from the defendant's employer,[6] represented to the court that the defendant had been notified by his employer sometime in December, 2000, that a mandatory workshop had been scheduled for January 20, 2000.[7] The trial court denied the motion to open, stating that even if it were to accept the representation of the defendant's counsel that the defendant did not learn until sometime in December, 2000, that he was required to attend a mandatory workshop on the day of the trial,

[6] The actual letter from the employer was not submitted into evidence.

[7] The defendant was not present for the hearing on the motion to open. Consequently, there was no testimony from the defendant on the issue of when he became aware of the fact that a mandatory workshop had been scheduled for January 20, 2000.

it would not grant the motion because the defendant had ample time before the trial date to inform the court of the conflict and to seek a continuance. The court indicated that to grant the motion under these circumstances would greatly prejudice the plaintiff.

It is clear from the representation of the defendant's own attorney that the defendant was informed by his employer sometime in December, 2000, that he would have to attend a mandatory workshop on January 20, 2000, the date of the trial. The defendant, therefore, had sufficient time to inform the court of this fact and to seek a continuance. The defendant failed to do so and, instead, waited until the day of the trial to request a continuance. Further, at the hearing on the motion to open, the defendant failed to provide any reason for his failure to seek a continuance before the day of the trial. Under these circumstances, we cannot conclude that the trial court acted unreasonably and in clear abuse of its discretion in denying the defendant's motion to open.

The judgment is affirmed.

In this opinion DRANGINIS, J., concurred.

LANDAU, J., concurring. I fully agree with the majority's conclusions as to the defendant's first three claims. With respect to the fourth claim, however, while I agree with the result reached by the majority, I respectfully assert that the defendant is not entitled to review of his claim.

Pursuant to Practice Book § 61-10, the appellant is required to provide an adequate record for review. The record in this case does not include a written memorandum of decision issued by the court or a signed transcript of the court's oral decision on the motion to open. The majority, citing State v. Lavigne, 57 Conn. App. 463, 468 n.4, 749 A.2d 83 (2000), concludes, however,

that because a portion of the transcripts indicates the basis for the court's decision respecting the defendant's motion to open, the defendant is entitled to review of his claim. I respectfully disagree.

Here, as in *Lavigne*, the court neither issued a written memorandum of decision, nor signed a transcript of its oral decision. An unsigned portion of the transcript does, however, reveal the basis for the court's decision. In *Lavigne*, the appellant, as required by Practice Book § 67-4 (c), included in his statement of the facts citations to the pages of the transcript where the court discussed the basis for its decision. Furthermore, the appellant included copies of those transcript pages in his appendix. Therefore, this court did not have to search the record to find the basis for the trial court's decision. Here, however, the plaintiff violated Practice Book § 67-4 (c) by not including citations to the transcript in his brief and by failing to attach copies of the transcript to an appendix.

Before exercising its supervisory powers to excuse the plaintiff's failure to provide this court with an adequate record, the majority was forced to search the record to find the basis for the court's decision. And while the exercise of our "supervisory authority is a necessary adjunct of appellate jurisdiction that is used to facilitate business and advance justice . . . [it] does not allow litigants to circumvent other rules of practice designed to promote judicial efficiency and justice." (Citations omitted; internal quotation marks omitted.) *State* v. *Piorkowski*, 37 Conn. App. 252, 265, 656 A.2d 1046 (1995), rev'd on other grounds, 236 Conn. 388, 672 A.2d 921 (1996). Where, as here, an appellant fails to follow the most basic rules established to guarantee the presentation of an adequate record, this court should not exercise its supervisory powers to afford the appellant review of his claim. *Holmes* v. *Holmes*, 32 Conn. App. 317, 322, 629 A.2d 1137, cert. denied,

228 Conn. 902, 634 A.2d 295 (1993). Therefore, for the reasons discussed, I believe that the logic of *Lavigne* does not apply and that the defendant is not entitled to review of his claim.