## PEOPLE'S BANK *v.* KEVIN CURTIN ET AL.
### (AC 21907)

Foti, Schaller and West, Js.

Submitted on briefs September 16—officially released December 10, 2002

*Robert J. McKay* filed a brief for the appellant (defendant Maura A. Kearney).

*Gregory T. Lattanzi* filed a brief for Cadle Company.

*Opinion*

PER CURIAM. The defendant Maura A. Kearney[1] appeals from the judgment of the trial court denying her motion to open the judgment rendered against her in this action to collect on a debt. We affirm the judgment of the trial court.

The following facts underlie the defendant's appeal. The plaintiff, People's Bank, made two separate loans to Kevin Curtin in January, 1988, and January, 1990. At that time, Curtin and Kearney were married, although they separated in October, 1991. Curtin subsequently failed to make required payments in accordance with the loan agreements. In March, 1991, People's Bank filed an action against Curtin as borrower and Kearney as guarantor, seeking repayment of the loans. Also in

---

[1] The named defendant, Kevin Curtin, is not a party to the present appeal.

March, 1991, a pro se appearance signed "Maura A. Kearney" was filed with the court. A motion for a stipulated judgment, bearing the signatures of Curtin, Kearney and People's Bank's attorney, also was submitted to the court. The stipulation provided that judgment would enter in favor of People's Bank against both defendants in the amount of $35,455.58, with taxable costs, and that the defendants would make a monthly payment to People's Bank of at least $50 until the judgment was satisfied. In April, 1991, the court granted the motion for a stipulated judgment and rendered judgment accordingly.

In September, 1997, People's Bank assigned its rights in the stipulated judgment to Cadle Company (Cadle). In early 2000, Cadle filed a wage execution against Kearney to satisfy the judgment. Kearney thereafter filed a motion to open the judgment and to stay the wage execution proceedings. She represented in her motion (1) that she had no notice of the action against her by People's Bank, (2) that the court lacked personal jurisdiction over her because she did not reside at the address at which service in that action was made, (3) that the judgment was obtained by fraud because her signature was forged on her pro se appearance form and on the stipulated judgment without her knowledge or consent, and (4) that she had a good defense to the action, namely, that her signature was forged on the loan guarantee form without her knowledge or consent. Kearney attached to her motion an affidavit in support of those representations. Curtin later filed an affidavit, dated March 24, 2001, wherein he averred that he had forged Kearney's signature without her consent or knowledge on the appearance form filed in her name and on the stipulated judgment.

After conducting a two day hearing, the court denied Kearney's motion to open the judgment. With regard to Kearney's claim that Curtin had forged her signature

on the loan guarantee form, appearance form and motion for a stipulated judgment, Cadle and Kearney both presented evidence that included the testimony of their respective handwriting experts. Kearney's handwriting expert testified that it was highly probable that the three documents were not signed by Kearney. Cadle's expert, on the other hand, testified that it was highly probable that the signatures were authentic. The court found that Kearney had failed to prove fraud by clear and convincing evidence. In addition, the court found that Kearney was guilty of laches or unreasonable delay in seeking to open the judgment.

"Our standard of review of the court's denial of a motion to open is well settled. We do not undertake a plenary review of the merits of a decision of the trial court to grant or to deny a motion to open a judgment. The only issue on appeal is whether the trial court has acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did." (Citation omitted; internal quotation marks omitted.) *Brehm* v. *Brehm*, 65 Conn. App. 698, 704–705, 783 A.2d 1068 (2001).

Furthermore, insofar as the court's decision results from its factual determinations, we will not disturb the court's findings absent a showing that they are clearly erroneous. "A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Connecticut National Bank* v. *Giacomi*, 242 Conn. 17, 70, 699 A.2d 101 (1997). It is axiomatic that we defer to