******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

DANIEL MCGOVERN *v.* PAULA MCGOVERN
(AC 45028)
(AC 45029)

Bright, C. J., and Alvord and Prescott, Js.

*Syllabus*

The plaintiff appealed to this court from the judgment of the trial court
dissolving his marriage to the defendant after the plaintiff and his counsel
failed to appear for trial. The plaintiff's counsel had filed several motions
on the day of the trial prior to the time trial was to start. After trial
began, counsel filed a motion for a continuance in which she stated
that she had suddenly become ill and could not proceed. The court
denied the motion that day, stating that it had waited for counsel and
her client for a reasonable amount of time before starting the proceeding
and had not been informed of the motion for a continuance until well
into the proceeding. The court dismissed the plaintiff's complaint and
rendered judgment on the defendant's cross complaint. The court there-
after denied the plaintiff's motion to reconsider its ruling on the request
for a continuance and denied his motion to open the judgment. *Held*:

1. The trial court did not abuse its discretion in denying the plaintiff's motion
for a continuance: the record revealed a pattern of violation by the
plaintiff of deadlines set by the court, including his failure to file a
financial affidavit and to comply with trial management orders, the
financial affidavit he ultimately filed was wholly inadequate, and he only
belatedly and partially complied with the trial management orders after
the defendant filed a motion for sanctions; moreover, the court reason-
ably could have considered the impact of the delay on the defendant,
as the start date of the trial had been set six months previously and the
dissolution action had been pending for more than one year, and,
although sudden illness of a party's counsel could form a legitimate
reason for a continuance, the plaintiff's motion was not filed until after
the start of trial, and no reason was offered in the motion for the failure
of the plaintiff himself to appear.

2. The plaintiff's claim that the trial court abused its discretion in denying
his motion to open the judgment was unavailing; the court acted reason-
ably in rejecting the plaintiff's reasons for opening the judgment, namely,
his counsel's sudden illness and a claim of immeasurable harm resulting
from the dissolution of the marriage, and the plaintiff did not file either
a notice pursuant to the applicable rule of practice (§ 64-1 (b)) seeking
the required oral or written decision from the court for its denial of the
motion to open or a motion asking the court to articulate the factual
and legal basis for its ruling.

Argued January 18—officially released February 14, 2023

*Procedural History*

Action for the dissolution of a marriage, and for other
relief, brought to the Superior Court in the judicial dis-
trict of New Haven, where the defendant filed a cross
complaint; thereafter, the matter was tried to the court,
*Price-Boreland, J.*; subsequently, the court dismissed
the complaint; thereafter, the court, *Price-Boreland, J.*,
rendered judgment on the cross complaint and dis-
solved the marriage and granted certain other relief;
subsequently, the court denied the plaintiff's motion to
open and vacate the judgment, and the plaintiff filed
separate appeals with this court; thereafter, the appeals
were consolidated. *Affirmed.*

*Jessica C. Wilson*, for the appellant (plaintiff).

*John F. Morris*, for the appellee (defendant).

*Opinion*

ALVORD, J. The plaintiff, Daniel McGovern, appeals from the judgment of the trial court dissolving his marriage to the defendant, Paula McGovern, and denying his motion to open the judgment of dissolution. On appeal, the plaintiff claims that the court abused its discretion in (1) denying his motion for a continuance and (2) denying his motion to open the judgment of dissolution.[1] We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the plaintiff's appeal. The parties are the parents of a child born in February, 2005. The parties were married in October, 2005. A prior action for dissolution of the marriage was commenced by Paula in a self-represented capacity in August, 2018 (2018 dissolution proceeding). See *McGovern* v. *McGovern*, Superior Court, judicial district of New Haven, Docket No. FA-18-5043830-S. The court rendered a judgment of dissolution in the 2018 dissolution proceeding in January, 2019, but subsequently granted Daniel's motion to open the judgment in June, 2019, filed by his counsel. In August, 2019, Paula, who remained self-represented, withdrew the 2018 dissolution action.

In May, 2020, the plaintiff commenced the present dissolution action. The defendant filed an answer and cross complaint, which was amended on October 9, 2020, and August 24, 2021. A remote trial was scheduled to be held on August 27, 2021, at 2 p.m.[2] Earlier that day, the trial was rescheduled to 3 p.m. to accommodate the court's schedule. All parties were notified of the time change.

The court commenced the remote trial at 3:05 p.m. and noted that neither the plaintiff nor his attorney was present. The court noted that the defendant had filed a cross complaint and offered her counsel the opportunity to be heard. The defendant's counsel requested that the court dismiss the plaintiff's complaint and render judgment on the defendant's cross complaint in accordance with the defendant's proposed orders. The court took a recess. After it returned on the record, the court reviewed the procedural history of the case with the defendant's counsel, following which it dismissed, with prejudice, the plaintiff's complaint and considered the defendant's cross complaint to be the matter before the court. The court then took another recess. When it returned on the record, the court considered the defendant's proposed orders.

The court examined relevant documents in the file: both parties' financial affidavits[3] and the child support guidelines worksheet that had been filed by the plaintiff's counsel in May, 2021. With respect to the parties' then sixteen year old child, the child support guidelines worksheet prepared by the plaintiff indicated that his presumptive child support payment would be $16 per

week. The defendant confirmed with the court that she was not seeking child support.

The defendant was sworn in and provided testimony. With respect to the real estate asset listed on the defendant's financial affidavit, the defendant testified that she had purchased the home in Hamden four years prior to the marriage with her own money and that she had paid the mortgage herself since the date of purchase. The defendant testified that she had paid all expenses related to the parties' child and their home, both prior to the parties' separation in 2014, when the plaintiff left the home and family, and after the separation. The defendant testified that the plaintiff was not a partner in sharing the financial responsibilities of the marriage. The defendant requested that the court award her the home. With respect to the defendant's pension, the defendant testified that she has been employed as a teacher by the city of New Haven for thirty-five years and has made contributions from her wages to her pension plan for the entirety of her employment, which included years both prior to the marriage, during the nine years the plaintiff was living with the family, and after the parties' separation in 2014.

The court then adopted most of the defendant's proposed orders and incorporated them into the judgment of dissolution. Specifically, the court granted the defendant sole custody of the parties' child and ordered that the plaintiff "may have visitation with the child solely at the [defendant's] discretion." The court did not award alimony or child support to either party.[4] The court ordered that each party retain his or her own assets and liabilities as identified on each party's respective financial affidavit.[5] This order included the defendant's retaining her retirement plan assets and the home in Hamden where she and the child were living.

Several filings were made on the day of the trial but prior to the scheduled 3 p.m. start of the trial. First, the defendant filed a motion for sanctions, arguing that the plaintiff had failed to comply with the court's standing orders by not submitting, among other documents, a current financial affidavit and written proposed orders for trial.[6] The court did not rule on this motion.[7] The plaintiff's counsel then filed amended, proposed orders[8] and a motion captioned "motion for order to reassign trial date to status conference." In the motion, the plaintiff's counsel stated that the matter had been assigned to be heard from 3 p.m. to 5 p.m. and that she expected the case to take between two and four days of trial. The plaintiff's counsel also represented in the motion that, despite her good faith efforts to proceed with trial and prepare her client, "the plaintiff's status at a rehabilitation center with limited access to outside contact has been a barrier to full preparation." Additionally, the plaintiff's counsel represented in the motion that depositions had not yet been conducted due to

the defendant's unavailability and limited access to the plaintiff. Thus, the plaintiff's counsel requested in the motion that the trial date be used as a status conference wherein only the attorneys' presence would be required. The court did not rule on this "motion for order."

The plaintiff's counsel also filed, after the scheduled 3 p.m. start of the trial, a motion for continuance, in which it was represented that she "ha[d] become suddenly ill (dehydrated to a severe extent) and [could not] proceed today."[9] By order dated the same day, the court denied the motion for continuance, stating: "The matter was initially scheduled for 2 p.m. today, August 27, 2021; however, it was moved to 3 p.m. due to the court's conflict with an ongoing hearing. The court was ready at 3 p.m.; however, [the court] waited for [the plaintiff's counsel] and her client for a reasonable amount of time before starting the proceedings. The court was informed of [the plaintiff's] motion [for continuance] well into the proceeding."[10]

On September 16, 2021, the plaintiff filed a motion seeking reargument and reconsideration of the court's ruling on his motion for continuance, the ruling on his motion to seal, and the judgment of dissolution and attendant orders. On September 17, 2021, the court denied the plaintiff's motion for reargument and reconsideration. Also on September 17, 2021, the plaintiff filed a motion to open the dissolution judgment. Therein, he argued that "[c]ounsel for the plaintiff was not able to proceed on [August 27, 2021] and notified the court, through a colleague[11] as soon as she was able . . . . This case involves the custody of a minor child as well as the finances of a sixteen (16) year marriage; a grave injustice and immeasurable harm would result if the plaintiff were not allowed his right to be heard." (Footnote added.) On September 20, 2021, the court denied the plaintiff's motion to open the judgment. This appeal followed.[12]

## I

The plaintiff's first claim on appeal essentially challenges the court's denial of his motion for continuance. Specifically, he argues that, "despite alternatives and ability to conduct a trial on the merits, the postponement of which would have prejudiced no one, the trial court instead chose to proceed without plaintiff's counsel in an exercise of judicial conduct that can only be seen as so arbitrary 'as to vitiate logic.' " The defendant responds that the court acted well within its discretion in declining to continue the matter. We agree with the defendant.

"The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel. . . . There are no mechani-

cal tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied. . . . [I]f the reasons given for the continuance do not support any interference with [a] specific constitutional right, the [reviewing] court's analysis will revolve around whether the trial court abused its discretion. . . .

"Decisions to grant or to deny continuances are very often matters involving judicial economy, docket management or courtroom proceedings and, therefore, are particularly within the province of a trial court. . . . Whether to grant or to deny such motions clearly involves discretion, and a reviewing court should not disturb those decisions, unless there has been an abuse of that discretion, absent a showing that a specific constitutional right would be infringed. . . .

"Our Supreme Court has articulated a number of factors that appropriately may enter into an appellate court's review of a trial court's exercise of its discretion in denying a motion for a continuance. Although resistant to precise cataloguing, such factors revolve around the circumstances before the trial court at the time it rendered its decision, including: the timeliness of the request for continuance; the likely length of the delay; the age and complexity of the case; the granting of other continuances in the past; the impact of delay on the litigants, witnesses, opposing counsel and the court; the perceived legitimacy of the reasons proffered in support of the request; [and] the [movant's] personal responsibility for the timing of the request . . . ." (Internal quotation marks omitted.) *McNamara* v. *McNamara*, 207 Conn. App. 849, 866–67, 263 A.3d 899 (2021).

In the present case, the trial had been scheduled approximately six months earlier for the date of August 27, 2021. The plaintiff's counsel did not file the motion for continuance of the trial until *after* the remote proceeding had begun.[13] At the time of trial, the dissolution action had been pending for more than one year, as it had been filed in June, 2020. The record reveals a pattern of the plaintiff's violation of deadlines set by the court throughout the dissolution proceedings. First, the plaintiff twice failed to comply with orders directing him to file a financial affidavit, only filing it after the defendant filed a motion for contempt. The financial affidavit he ultimately filed was wholly inadequate, lacking in reliable financial information. Second, the plaintiff failed to comply with the court's trial management orders, which required him to file written proposed orders and witness and exhibit lists, among other documents. Again, the plaintiff only belatedly and partially complied with the court's orders after the defendant filed a motion for sanctions.

Furthermore, as noted previously, the parties had been involved in dissolution proceedings for approximately three years, beginning with the 2018 dissolution action that went to judgment before being opened based on the plaintiff's motion and withdrawn by the defendant. The court reasonably could have considered the impact of the delay on the defendant, who had been a party to dissolution proceedings for approximately three years. With respect to the legitimacy of the reason for the request for continuance, although sudden illness of a party's counsel could form a legitimate reason for a continuance, the motion for continuance in the present case was not filed until after the start of the proceeding, and no reason was offered in that motion for the failure of the plaintiff himself to appear.

On the basis of the foregoing, we conclude that the court's denial of the plaintiff's motion for a continuance, made after the start of the proceeding, was not an abuse of its discretion. See, e.g., *Watrous* v. *Watrous*, 108 Conn. App. 813, 828, 949 A.2d 557 (2008) ("We are especially hesitant to find an abuse of discretion when the motion is made on the day of trial. . . . Every reasonable presumption in favor of the proper exercise of the trial court's discretion will be made." (Internal quotation marks omitted.)).

II

The plaintiff's next claim on appeal is that the court abused its discretion in denying his motion to open the judgment. We disagree.

"The principles that govern motions to open or set aside a civil judgment are well established. Within four months of the date of the original judgment, Practice Book [§ 17-4] vests discretion in the trial court to determine whether there is a good and compelling reason for its modification or vacation. . . . The exercise of equitable authority is vested in the discretion of the trial court and is subject only to limited review on appeal." (Internal quotation marks omitted.) *Farren* v. *Farren*, 142 Conn. App. 145, 152, 64 A.3d 352, cert. denied, 309 Conn. 903, 68 A.3d 658 (2013). "We do not undertake a plenary review of the merits of a decision of the trial court to grant or to deny a motion to open a judgment. . . . In an appeal from a denial of a motion to open a judgment, our review is limited to the issue of whether the trial court has acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did." (Internal quotation marks omitted.) *Zilkha* v. *Zilkha*, 167 Conn. App. 480, 494, 144 A.3d 447 (2016).

In the present case, the court summarily denied the

plaintiff's motion to open the judgment. Although the denial of a motion to open is a judgment for which an oral or written decision is required; see Practice Book § 64-1 (a) (6); *Valenzisi* v. *Connecticut Education Assn.*, 150 Conn. App. 47, 51, 90 A.3d 324 (2014); the plaintiff did not file a notice pursuant to Practice Book § 64-1 (b) with the appellate clerk's office, nor did he file a motion asking the court to articulate the factual and legal basis for its ruling. Given our duty to make every reasonable presumption in favor of the correctness of the court's decision; see, e.g., *Gordon* v. *Gordon*, 148 Conn. App. 59, 67–68, 84 A.3d 923 (2014); our review of the record before us leads us to conclude that the court acted reasonably and did not abuse its discretion in rejecting the plaintiff's reasons offered in support of his motion to open the judgment, namely, counsel's sudden illness and a claimed "immeasurable harm" arising out of the court's dissolution of the parties' sixteen year marriage.[14] See *Brehm* v. *Brehm*, 65 Conn. App. 698, 706, 783 A.2d 1068 (2001) (court did not abuse its discretion in denying motion to open dissolution judgment rendered without defendant present where defendant was aware of conflict with trial date in advance and did not request continuance until day of trial).

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Although the plaintiff's first claim, as phrased in the plaintiff's statement of issues, could be construed as challenging the court's custodial and property division orders, the argument contained in the plaintiff's brief focuses on the court's decision to proceed with the dissolution trial in the absence of the plaintiff and its denial of his motion for continuance. The plaintiff does not provide any argument or analysis in support of any claim that the court misapplied the law or abused its discretion in distributing the parties' marital assets. "[When] a claim is asserted in the statement of issues but thereafter receives only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned." (Internal quotation marks omitted.) *C. B.* v. *S. B.*, 211 Conn. App. 628, 630, 273 A.3d 271 (2022). Accordingly, any claim that the court improperly distributed the parties' marital assets is deemed abandoned.

In his appellate brief, the plaintiff also raised an unpreserved constitutional claim. Specifically, he argued that he was deprived of his "fundamental liberty interest in the care and custody of his child without due process" when the court awarded the defendant sole custody of the parties' child, without having heard from the plaintiff, who did not appear on the date of trial. The parties' child was born in February, 2005, and attained the age of eighteen in February, 2023. During oral argument before this court on January 18, 2023, the plaintiff's counsel conceded that the plaintiff's unpreserved claim with respect to custody of the child is moot.

[2] The judicial notice scheduling the trial for August 27, 2021, was issued on February 3, 2021.

[3] The defendant filed an updated financial affidavit on August 19, 2021. The plaintiff did not file an updated financial affidavit, and the court relied on his June 7, 2021 financial affidavit. See footnote 6 of this opinion.

[4] Pursuant to General Statutes § 46b-56c, the court retained jurisdiction to enter educational support orders for the parties' child.

[5] We note that the financial affidavit filed by the plaintiff was egregiously lacking in reliable financial information. Under certain categories, including utilities and transportation, the plaintiff put "TBD." Debts were not identified as sole or joint. Certain assets reflect a value of "TBD," and the affidavit does not indicate whether those assets are owned solely or jointly.

[6] In April, 2021, the court ordered the plaintiff to file a financial affidavit by April 26, 2021. The plaintiff did not file a financial affidavit in compliance

with the court's order. On May 3, 2021, the court again ordered the plaintiff to file a financial affidavit by May 10, 2021. On May 17, 2021, the defendant filed a motion for contempt on the basis of the plaintiff's failure to comply, repeatedly, with the court's orders. On June 7, 2021, the plaintiff filed a financial affidavit.

[7] The court issued an order stating that it would address the issue at the beginning of trial but did not thereafter issue a ruling on the motion.

[8] In the plaintiff's principal appellate brief, the plaintiff's counsel represents that the amended proposed orders were filed on August 26, 2021. The official case detail, however, reflects a filing date of August 27, 2021, the date of the trial.

[9] In the plaintiff's principal appellate brief, his counsel represents: "[The] plaintiff's counsel, a solo practitioner, reached out to the only other attorney associated with her firm, an intern, to see if he might be able to appear on her behalf at 3:00 p.m. Although he was unable to appear, the intern assisted [the] plaintiff's counsel with the electronic filing (e-filing) of a Motion for Continuance . . . which was e-mailed directly to the trial court's attention via Case Flow Coordinator . . . and opposing counsel at 3:08 p.m. with the subject heading URGENT: PLEASE SEE MOTIONS FILED WITH THE COURT TODAY." The email contained in the plaintiff's appendix, which also was filed as an exhibit in connection with the plaintiff's motion for reargument and reconsideration, indicates that it was sent by Richard L. Straube, Esq., of Wilson Family Law, LLC.

[10] The plaintiff also filed, on the day of trial, a motion to seal his previously filed "motion for order to reassign trial date to status conference" on the ground that it contained "sensitive information." By order issued the same day, the court denied the motion to seal.

[11] See footnote 9 of this opinion.

[12] The plaintiff filed two separate appeals, which were consolidated.

[13] To the extent that this court were to construe the plaintiff's motion for order "to reassign [the] trial to [a] status conference," filed earlier on the date of the trial, as, in substance, a request for a continuance, it would not change our analysis. The motion for order was filed within six hours of the start of trial, there was no indication in the record that the court was aware of the motion for order, and the plaintiff's counsel did not appear for the proceeding that she requested to have reassigned to a status conference.

[14] As noted previously, although the plaintiff's motion claimed harm arising out of the determination of custody of the parties' minor child, the plaintiff's counsel, at oral argument before this court, stated that he was not seeking relief relative to custody, given the age of the parties' child. See footnote 1 of this opinion.

---